IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FUNDIENT INVENTORY LLC, §
    *Plaintiff*, §
§
v. §
§ Case No. 1:23-CV-01845-CNS-KAS
OUIBY INC. d/b/a KICKFURTHER, §
    *Defendants*. §
§
§

**STIPULATED PROTECTIVE ORDER**

As stipulated and requested by each party and each counsel of record in this case, this Protective Order concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. In this action, the parties anticipate seeking Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties in the manner provided in paragraph 4 below as containing: private personnel information, trade secrets, and other proprietary business information.

3. "Attorneys' Eyes Only Information" is reserved for Confidential Information that is (a) believed to be unknown to the opposing party or parties, or any of the employees of a corporate party and (b) would create a substantial risk of serious harm if disclosed to the opposing party or

1

parties, which could not be avoided by less restrictive means. The parties will use this designation sparingly, in recognition of the difficulties such a designation can create for the receiving party or parties in interpreting and responding to the information.

    4.    Where Confidential Information or Attorneys' Eyes Only Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

    a.    By stamping the word "Confidential" or "Attorneys' Eyes Only" on each page of any document produced;

    b.    By imprinting the word "Confidential" or "Attorneys' Eyes Only" next to the information; or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

    5.    All Confidential Information or Attorneys' Eyes Only Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and in accordance with the provisions of this Stipulated Protective Order.

    6.    Qualified Persons authorized to review Confidential Information or Attorneys' Eyes Only Information pursuant to this Protective Order shall hold Confidential Information and/or Attorneys' Eyes Only Information in confidence and shall not divulge such Information, either verbally or in writing, to any other person, entity or government agency unless required by law.

7. "Qualified Persons" means:

   a. For Attorneys' Eyes Only Information:

      i. counsel for the parties in this litigation and their respective staff;

      ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Attorneys' Eyes Only Information to such person, have signed Exhibit A hereto agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

      iii. any person who was an author, addressee, or intended or authorized recipient of the Attorneys' Eyes Only Information and who agrees to keep the information confidential, provided that such persons may see and use the Attorneys' Eyes Only Information but not retain a copy;

      iv. litigation vendors, court reporters, and other litigation support personnel;

      v. this court and any other tribunal, mediator, or dispute resolution officer and their staff duly appointed or assigned in connection with this litigation;

   b. For Confidential Information:

      i. the persons identified in subparagraph 7(a);

      ii. the parties and his or her representatives, if a natural person;

      iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

      iv. deponents, witnesses, and potential witnesses who have executed Exhibit A attached hereto;

      v. other persons by written agreement of the parties who have executed Exhibit A attached hereto.

      vi. Such other person as this court may designate after notice and an opportunity to be heard.

3

8. The party's counsel who discloses Confidential Information and/or Attorneys' Eyes Only Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information and/or Attorneys' Eyes Only Information is disclosed, shall obtain and retain the declarations signed by qualified recipients of Confidential Information and/or Attorneys' Eyes Only Information, and shall maintain a list of all persons to whom any Confidential Information and/or Attorneys' Eyes Only Information is disclosed.

9. During the pendency of this action, opposing counsel may, based on a court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 8 above, upon a showing of substantial need to establish the source of an unauthorized disclosure of Confidential Information and/or Attorneys' Eyes Only Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then opposing counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. If opposing counsel objects to the designation of certain information as Confidential Information or Attorneys' Eyes Only Information by the other parties' counsel, he or she shall promptly inform designating counsel in writing of the specific grounds for the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel shall comply with Magistrate Judge Starnella's discovery dispute procedures. ~~opposing/objecting counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of designating counsel's receipt of opposing counsel's written objection.~~ The information shall continue to have Confidential Information and/or Attorneys' Eyes Only status from the time it is produced until the Court resolves the issue. ~~ruling by the Court on the motion.~~ For Attorneys' Eyes Only Information, the burden of establishing the designation is proper shall be on the designating party.

4

13. Use of Confidential Information in Court Proceedings: In the event Confidential Information and/or Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. However, Confidential Information and/or Attorneys' Eyes Only Information and pleadings or briefs quoting or discussing Confidential Information and/or Attorneys' Eyes Only Information will not be accepted as restricted filings or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to restrict the documents. Any such motion shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information and/or Attorneys' Eyes Only Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

14. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information and/or Attorneys' Eyes Only Information shall be treated at trial.

16. Upon termination of this litigation, including any appeals, each party's counsel shall promptly either destroy or return to the producing party all Confidential Information and/or Attorneys' Eyes Only Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Upon the entry of final order, disposition, agreement, or other event triggering the conclusion of this litigation the parties shall

confer and agree on a date marking the conclusion of this litigation. Within 21 days of the agreed date, each party shall be required to provide to the opposing party a certification indicating compliance with this paragraph.

17. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and/or Attorneys' Eyes Only Information pursuant to this Protective Order. ~~The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.~~ XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

DATED this 24th day of November, 2023.

KATHRYRN A. STARNELLA
MAGISTRATE JUDGE

**STIPULATED AND AGREED TO:**

**CLEVELAND | KRIST PLLC**

*/s/ Ibituroko-Emi Lawson*
Timothy Cleveland
Gerard Bifulco
Ibituroko-Emi Lawson
303 Camp Craft Rd., Suite 325
West Lake Hills, Texas 78746
(512) 689-8698
tcleveland@clevelandkrist.com
gbifulco@clevelandkrist.com
elawson@clevelandkrist.com
*Attorneys for Plaintiff Fundient*

**HOLLAND & HART LLP**

*/s/ Hannah E. Armentrout*
Kevin C. McAdam
Hannah E. Armentrout
555 17th Street, Suite 3200
Denver, Colorado 80202
(303) 295-8000
kmcadam@hollandhart.com
hearmentrout@hollandhart.com
*Attorneys for Defendant Ouiby Inc. d/b/a Kickfurther*

## EXHIBIT A

## **DECLARATION**

1.  I, _____, have read the Protective Order in Fundient Inventory LLC v. Ouiby Inc. d/b/a Kickfurther, Case No. 1:23-CV-01845- CNS-KAS, and I understand its terms.

2.  In consideration of the disclosure to me of Confidential Information and/or Attorneys' Eyes Only Information, as defined in the Protective Order, I hereby agree to keep all such Confidential Information and/or Attorneys' Eyes Only Information in confidence.

3.  I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information and/or Attorneys' Eyes Only Information shown or told to me, except as authorized in the Protective Order. I will not use any Confidential Information and/or Attorneys' Eyes Only Information for any purpose other than this litigation.

4.  For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.  I will abide by the terms of the Protective Order.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

Executed on this _____ day of _____, 20__.

1